UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>IGOR PURLANTOV,<br><br>Defendant. | Case No: CR 11-00371 SBA<br><br>**ORDER DENYING MOTION TO REVISE THE RESTITUTION ORDER**<br><br>Docket 33. |

Before the Court is a motion to revise the restitution order pursuant to 18 U.S.C. § 3664(d)(5) filed by Sami Yusuf Alami, Bashir Alami, Zuhayr Alami, Ina'Am Yusuf Alami, and Sufian Yusuf Alami (collectively, "the Alami Victims"). Dkt. 33. The government filed a response to the motion, stating that it agrees with the relief requested by the Alami Victims. Dkt. 38. Defendant Igor Purlantov ("Defendant") filed a response to the motion, stating that he does not take a position as to whether the Alami Victims' request is appropriate. Dkt. 39. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument.

I. **BACKGROUND**

On December 14, 2011, Defendant pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, and one count of income tax evasion in violation of 26 U.S.C. § 7201. Dkt. 20. He was sentenced on the same day to 24 months in custody and 3 years of

supervised release, and was ordered to pay a $200 special assessment and $1,468,714.25 in restitution to the victims of the offenses. Id.

On December 15, 2011, the Court filed the judgment order, setting forth the penalties described above. Dkt. 22. As relevant to the instant motion, Defendant was ordered to pay $587,833.98 in restitution to be divided equally among the following individuals: (1) Sami Yusuf Alami - $97,972.33; (2) Bashir Alami - $97,972.33; (3) Zuhayr Alami - $97,972.33; (4) Ina'Am Yusuf Alami - $97,972.33; (5) Adnan Yusuf Alami - $97,972.33; and (6) Sufian Yusuf Alami - $97,972.33. Id.

The judgment order was subsequently amended several times, the last amendment occurring on January 17, 2012. See Dkt. 25, 26, 28, 31. On March 3, 2012, the Alami Victims filed a motion to revise the restitution order. Dkt. 33.

On April 6, 2012, the Court issued an order directing the government and Defendant to file a response to the Alami Victims' motion. Dkt. 37. The government filed a response to the motion on April 6, 2012. Dkt. 38. Defendant filed a response to the motion on April 13, 2012. Dkt. 39.

## II. DISCUSSION

### A. Legal Standard

A district court's jurisdiction to alter a criminal sentence is limited to the narrow circumstances prescribed by Federal Rule of Criminal Procedure 35 or by statute. See United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999). Authority to impose and to alter a restitution order is governed by 18 U.S.C. § 3664.

Section 3664(o) provides that once a restitution order is imposed, it may be amended under § 3664(d)(5). 18 U.S.C. § 3664(o)(1)(C). Section 3664(d)(5) allows a sentencing court to amend a restitution order if a victim discovers "further losses" after the entry of judgment and files a petition with the court requesting an amended restitution order within 60 days after discovery of the losses. 18 U.S.C. § 3664(d)(5). Section 3664(d)(5) states in full:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

### B. Amendment Under 18 U.S.C. § 3664(d)(5)

The Alami Victims contend that amendment of the restitution order is appropriate under § 3664(d)(5) because they have discovered "further losses" and have petitioned the Court for an amended order within sixty (60) days after the discovery of those losses. Specifically, the Alami Victims claim that amendment of the order is warranted because: (1) they did not discover the "error" in the restitution order until on or about January 17, 2012 when they received notice that their deceased brother Adnan Yusuf Alami ("Adnan") was named in the restitution order; and (2) Adnan does not have any heirs except for the Alami Victims, and thus they are entitled to his portion of the restitution. The Alami Victims request that the Court issue an order that removes Adnan from the restitution order and divides his portion of the restitution equally among the Alami Victims.

The Court concludes that the Alami Victims have failed to demonstrate that amendment of the restitution order is warranted under § 3664(d)(5). The Alami Victims have not identified any "further losses" within the meaning of the statute to justify amendment of the restitution order. Instead, they have informed the Court that their brother Adnan is deceased and that they are entitled to his portion of the restitution because Adnan does not have any heirs except for them. The Alami Victims, however, have not cited any authority, and this Court could not locate any, holding that such circumstances constitute a "further loss" suffered by the Alami Victims as a result of the wire fraud committed by Defendant. Accordingly, because the Alami Victims have not identified any statutory provision or other authority permitting amendment of the restitution order, their motion to revise the restitution order is DENIED.

### III. CONCLUSION

For the reasons stated above, the Alami Victims' motion to revise the restitution order is DENIED. This Order terminates Docket 33.

IT IS SO ORDERED.

Dated: 5/1/12

                                      _____
                                      SAUNDRA BROWN ARMSTRONG
                                      United States District Judge